IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Edgar Fox, | ) C/A No. 3:10-2198-CMC-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Food Lion LLC, Store #194, Store/Regional Manager; | ) |
| Owner/Manager Property 55518 Fairfield Rd, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This civil action is before the court for initial screening pursuant to 28 U.S.C. § 1915.

Plaintiff has filed an Application to Proceed *in forma pauperis* in this case.[1] Plaintiff

simultaneously filed a related civil action (C/A No. 3:10-2199-CMC-PJG) against two

Columbia police officers and the Columbia Police Department, concerning the same

operative facts. The "statement of claim" and "relief" sections of that Complaint are

identical to the "statement of claim" and "relief" sections of the instant Complaint.

Plaintiff alleges that he was not allowed to properly check-in his book bag at the

counter or with the cashier of the grocery store owned and operated by one of the named

Defendants in this action, *i.e.* "Food Lion LLC, Store # 194, Store/Regional Manager,"

which is located at 5118 Fairfield Road, Columbia, SC, the premises owned by the other

named Defendant in this action, *i.e.* "Owner/Manager, Property 5118 Fairfield Road."

Plaintiff alleges that when he attempted to leave the store he was physically assaulted,

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) Local Civil Rule 73.02(B)(2)(b) & (e) DSC, the
assigned magistrate judge is authorized to review all motions for leave to proceed *in forma
pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se,*
and to submit findings and recommendations to the district judge.



detained, illegally handcuffed, and seriously injured by the Defendants named in C/A No. 3:10-2199-CMC-PJG, *i.e.* Defendant Rafael A. Douglas and Defendant Officer Edgemon. Plaintiff requests "financial compensation for [his] suffering and change in life style," but his Complaint does not state the specific amount of monetary damages that he seeks. (Complaint at 5). Because Plaintiff's Complaint does not allege any facts stating a plausible claim for relief against the defendants named in this case, it is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted by this Court. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or

"seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a

federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see

also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under

Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  Although the court

must liberally construe a *pro se* complaint, the United States Supreme Court has recently

made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil

action must do more than make mere conclusory statements to state a claim.  See Iqbal,

129 S. Ct. at 1949; Twombly, 550 U.S. at 555.  Rather, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[2]

Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570.  The reviewing court need only accept

as true the complaint's *factual* allegations, not its legal conclusions.  Iqbal, 129 S. Ct. at

1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in

Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual
> allegations," but it demands more than an unadorned, the defendant-
> unlawfully-harmed-me accusation.  A pleading that offers "labels and
> conclusions" or "a formulaic recitation of the elements of a cause of action
> will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]"
> devoid of "further factual enhancement."

---

[2]Although the Iqbal Court was addressing pleading standards in the procedural
context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the
court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal
discusses the general pleading standards of Rule 8, which apply in all civil actions.  Iqbal,
129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal
of a complaint that fails to state a claim upon which relief can be granted, which is
essentially the same standard found in Rule 12(b)(6).  See McLean v. United States, 566
F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for]
fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a
well-established legal meaning.").

PJG

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570)

(citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## BACKGROUND

This action concerns events that occurred at the Food Lion grocery store (store No. 194) located at 5118 Fairfield Road, Columbia, SC. Plaintiff's Complaint does not specify the date and time of the incident. Plaintiff's Complaint alleges Officer Douglas would not allow him to properly check-in his book bag. When Plaintiff informed Officer Douglas that he was leaving the store, Officer Douglas allegedly "followed [Plaintiff] with rage and cursed [him]" and "grabbed [him] by [his] cane and arm and pulled [him] down and back." (Compl., ECF No. 1 at 3). Plaintiff alleges that Officer Douglas threw him into a brick wall and soda machine, "rough[ed] [him] up for sometime," and "cuffed [him] across [his] hands." (Id.) Officer Douglas allegedly took Plaintiff's backpack and cane and "ask[ed] [him] to go with him to the back of the store to process [him]." When Plaintiff said that he could not walk well without his cane, Officer Douglas said "Oh I will get you back there" and "grabbed [his] shoulder and pulled [him] backward and [he] fell backward, handcuffed illegally onto the sidewalk." (Id. at 3-4.) Plaintiff alleges that Douglas "addressed [him] with profane words and racial comments" during the whole incident. (Id. at 4.) Plaintiff alleges that Officer Edgemon, who arrived as backup for Douglas while Plaintiff was sitting on the sidewalk, "jerked [him] up [from the sidewalk] by [his] shoulder" and "Douglas grabbed [his] legs and they slammed [him] across the car." (Id.) Plaintiff alleges that Edgemon then seemed to



have a "change in attitude" and, thereafter, tried to help him into the car and "not allow[ ] Douglas' rough treatment." (Id.)  Nevertheless, Plaintiff's legs were still "slam[med] with the door."  (Id.)  Plaintiff alleges that a third "transport" officer, Baskins, who is not named as a defendant in either case, "noticed [he] was in massive pain" and called an ambulance to transport Plaintiff to the hospital.  (Id.)  Plaintiff adds that "at first contact Douglas' eyes were red and he smelled of booze."  (Id.)  Plaintiff alleges that he suffered "head trauma that has led to serious headaches, blurry vision, eye pain, noise pain, jaw, teeth pain, neck, shoulders and back pain.  Trouble in my loins, hips, knees and ankles.  Also have convulsions and spasms.  As well as psychological problems." (Id. at 5.)  Plaintiff requests "financial compensation for [his] suffering and change in life style" but does not specify the amount of monetary damages that he seeks.  (Id.)

### DISCUSSION

Liberally construed, Plaintiff's Complaint attempts to allege facts to establish a cause of action for violation of his constitutional rights.   Section 1983 of Title 42 of the United States Code is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.

PJG

Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 936-37; see United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Although many factors may be considered in determining whether state action is present, Mentavlos v. Anderson, 249 F.3d 301, 311-12 (4th Cir. 2001), no single factor is determinative, and the "totality of the circumstances" must be evaluated. Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 343 (4th Cir. 2000).

Plaintiff's Complaint makes no allegation that Defendants, who are private entities, acted under color of state law. A private individual or entity who jointly participates in alleged constitutional wrongdoing with a state or local official may be said to have engaged



in "state action," which could meet the requirement of § 1983. However, to state a cognizable claim that private parties, such as the defendants named in this case (C/A No. 3:10-2198-CMC-PJG), jointly participated with state actors, such as the defendants named in Plaintiff's related case (C/A No. 3:10-2199-CMC-PJG), to violate Plaintiff's constitutional rights, Plaintiff must allege: (1) some type of conspiracy, agreement, or concerted action between the state and the private party; (2) that the state and private party shared common goals; and, (3) conduct pursuant to the conspiracy, agreement, or concerted action that violated Plaintiff's federally protected rights. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Plaintiff's Complaint makes no allegation that Defendants jointly participated with the Columbia Police Officers, Douglas and Edgemon, who are the alleged state actors named as Defendants in C/A No. 3:10-2199-CMC-PJG, to injure Plaintiff.[3] There is no allegation that Douglas or Edgemon were employees or agents of Defendant Food Lion LLC, Store #194, Store/Regional Manager or Defendant Owner/Manager Property 5118 Fairfield Road, or that either of the Defendants in this case had any relationship with Douglas or Edgemon. Plaintiff's Complaint makes no allegation that Defendants in this case and the Defendants in C/A No. 3:10-2199-CMC-PJG conspired, agreed, or acted in concert to accomplish a shared goal of violating Plaintiff's constitutional rights. In short, assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to show that Defendants jointly

---

[3] The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983. Butler v. Goldblatt Bros., Inc., 589 F.2d 323, 327 (7th Cir. 1978); see, e.g. Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268 (2nd Cir. 1999) (private party's request for police assistance does not establish that the private party is jointly engaged in the officer's conduct so as to make the private party a state actor under § 1983).

participated with Officer Douglas and Officer Edgemon to violate Plaintiff's constitutional rights. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court, because the Complaint fails to allege that Defendants acted "under color of state law," within the meaning of § 1983, to injure Plaintiff.

Moreover, the Complaint filed in this case is subject to summary dismissal because there are no allegations of any kind, much less of wrongdoing, contained in the Complaint against Defendants Food Lion LLC, Store #194, Store/Regional Manager and Owner/Manager Property 5118 Fairfield Road. Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court should dismiss an action filed *in forma pauperis* by a plaintiff which is "frivolous or malicious." Since there are no allegations whatsoever of any wrongdoing on the part of Defendants, Plaintiff's Complaint not only fails to state a claim on which relief can be granted, it is "frivolous"as to these Defendants. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 n.2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim); Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); see also Kuhn v. Milwaukee Cnty., No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

In the absence of substantive allegations of wrongdoing against Defendants, there is nothing from which this Court can liberally construe any other type of viable cause of action against them arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers"

or "advocates" for *pro se* litigants.  <u>See</u>  <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.  <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Brown v. Briscoe</u>, 998 F.2d 201 (4th Cir. 1993); <u>Todd v. Baskerville</u>, 712 F.2d 70. (4th Cir. 1983); <u>see</u> <u>also</u> 28 U.S.C. § 1915(e)(2)(B).


_____
Paige J. Gossett
United States Magistrate Judge

October 6, 2010
Columbia, South Carolina


*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).